UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
VINCENZA VITUCCI,

               Plaintiff,

        - against -

TAR CATERING CORP. d/b/a Russo's on the
Bay, Inc. and FRANK RUSSO, JR.,

               Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

17-cv-6475 (BMC)

**COGAN**, District Judge.

Plaintiff brings this action under the Americans With Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), alleging that defendants discriminated and retaliated against her because of a disability.[1] Defendants have moved for summary judgment. For the reasons below, defendants' motion is denied.

## BACKGROUND

Plaintiff was employed at defendant catering hall, Russo's on the Bay, from July 1993 until she was fired in 2016. Russo's is owned by defendant Frank Russo.

On June 20, 2016, while plaintiff was at work, she fell on the same knee that she had replaced in 2013. Plaintiff's worker's compensation claim was processed the next day, at which time plaintiff took disability leave. Around July 5, 2016, Frank Russo learned about plaintiff's worker's compensation claim, and Phil Montante (a consultant who Russo's hired to restructure

---

[1] By stipulation of the parties, plaintiff has withdrawn her age-based discrimination and retaliation claims.

its business after years of financial decline) called plaintiff on July 6, 2016 and fired her. Plaintiff claims that defendants terminated her because of her disability.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that would affect the outcome of the suit under the governing law, and a dispute about a genuine issue of material fact occurs if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citations omitted). In conducting this analysis, a court must "constru[e] all the evidence in the light most favorable to the non-movant and draw[] all reasonable inferences in that party's favor." McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009).

Claims for discrimination and retaliation under the ADA are subject to the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 & n.1 (2d Cir. 2000). Under that framework, "[a] plaintiff must establish a *prima facie* case [of disability discrimination]; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). The parties have stipulated, for the purposes of the instant motion only, that plaintiff has established a *prima facie* case of disability discrimination under federal, state, and city law. Thus, defendants must show a legitimate non-discriminatory reason for plaintiff's termination.

Defendants assert that plaintiff was terminated "pursuant to an economically-driven restructuring of Russo's operations." Defendants introduced deposition transcripts which explain that Frank Russo hired Philip Montante in May 2016 as Russo's General Manager to reorganize the company and cut costs. Montante reviewed each department at Russo's to determine where they could cut costs and increase operational efficiency. One such department was the purchasing department, which was composed of three employees (including plaintiff). Two of those three employees (again including plaintiff) were terminated in 2016, which defendants claim was a part of Russo's overall restructuring plan to cut costs and eliminate unnecessary positions.

The Second Circuit has affirmed financial restructuring efforts (including those focused on reducing workforce) as a legitimate, non-discriminatory reason for terminating an employee under this framework, and defendants have introduced enough evidence to suggest that this was their reason for firing plaintiff. See, e.g., Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 136 (2d Cir. 2000). The burden therefore shifts back to plaintiff to show that this explanation is pretextual.

Plaintiff makes two primary arguments why defendants' non-discriminatory reason for her termination is pretextual. The first is the temporal proximity between her accident on June 20, 2016 and her termination on July 6, 2016. As both plaintiff and defendants acknowledge, "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 847 (2d Cir. 2013). However, temporal proximity can be considered along with other evidence to rebut the employer's proffered reason for termination. Id.

Plaintiff's second argument is that in 2016 – when plaintiff was purportedly terminated under defendants' proffered cost-cutting and position-eliminating restructuring efforts – the number of employees at Russo's increased from 347 to 396. In addition, salaries increased by $700,000. Defendants do not contest these facts; rather, they argue that the Court should not consider them for two reasons.

First, they contend that plaintiff did not assert these facts in her response to defendant's Local Rule 56.1 statement. I see no reason why she had to. The Rule provides that "if necessary," the party opposing the motion shall include "additional paragraphs" setting forth "additional material facts as to which it is contended that there exists a genuine issue to be tried." But as noted, these are not disputed facts. And in any event, I have broad discretion "to overlook a party's failure to comply with [Local Rule 56.1]," in order to "conduct an assiduous review of the record." See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks and citations omitted).

Second, defendants contend that the information comes from underlying documents that are not in the record. But plaintiff has submitted excerpts from the deposition of Montante, defendants' restructuring consultant, in which he acknowledged these facts. If defendants had a best evidence or foundational objection to the questions at the deposition – and it seems unlikely that any such objections would be valid – they did not preserve them on the record, so Montante's excerpts are admissible. See Fed. R. Civ. P. 32(d)(3)(B).

In addition to these procedural and evidentiary objections, defendants also argue that a more complete picture of Montante's testimony explains how these facts are consistent with their proffered reason for termination and do not support an inference of pretext. Montante testified that he "was trying to look at who the nonessential employees were"; that he "felt that is one of

the easiest way [*sic.*] to start saving money is based on what – the – the job description was"; and that "[e]ven though salaries have subsequently gone up, the easiest way to save money [at that time] was to cut – cut a[] nonessential role."  Defendants claim that cutting nonessential personnel, such as plaintiff, was a "first step to reducing costs," and that "different steps needed to be taken as time went on."

Although defendants outline their position as to why plaintiff's role at Russo's was nonessential, fitting entirely into the confines of their theory, a reasonable juror could conclude that their business justification is pretextual based on the evidence discussed above.  Moreover, the three other individuals whose termination letters were put before this Court as having been let go pursuant to the same restructuring efforts as plaintiff were not fired until August 7, 2016 (Avila) and December 29, 2016 (Binckes and Rodriquez).  A reasonable juror could conclude that, if eliminating nonessential positions and departments was a critical focus at the beginning of Russo's restructuring efforts, and that different steps were taken as 2016 progressed, these three employees would have been fired at the same time as plaintiff, or at least closer to the beginning of the year.  But that did not happen.

As a result, there remains a genuine issue for trial.

## CONCLUSION

Defendants' [21] motion for summary judgment is denied.

**SO ORDERED.**


Dated: Brooklyn, New York                                       U.S.D.J.
      October 5, 2018